IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KEVIN P. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 07CV6199 |
| | ) JUDGE KENNELLY |
| SCHNEIDER NATIONAL CARRIERS, INC, | ) MAG. JUDGE KEYS |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR INJUNCTION AND OTHER RELIEF
PURSUANT TO UNIFORMED SERVICES EMPLOYMENT
AND REEMPLOYMENT RIGHTS ACT**

Kevin P. Smith ("Smith"), by his undersigned counsel, for his complaint against defendant Schneider National Carriers, Inc. ("Schneider"), states as follows:

Summary

1. This action arises out of the termination of Smith's employment by Schneider when Smith notified Schneider that he had received orders from the United States Navy calling him to active duty for a period of one year. Smith seeks relief pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301 *et seq.* (the "Act").

Parties

2. Smith is an individual residing in Chicago, Illinois and a citizen of Illinois. He is a Lieutenant in the United States Navy Reserve.

3. Schneider is a Nevada corporation with its principal place of business in Green Bay, Wisconsin. Schneider conducts business in Illinois and employed Smith at its Evanston, Illinois sales office. Events giving rise to this lawsuit occurred in Evanston, Illinois.

## Jurisdiction and Venue

4. The Court has jurisdiction pursuant to 38 U.S.C. §4323(b)(3) and venue is proper in this Court pursuant to 38 U.S.C. §4323(c)(2).

## Background Facts

5. Smith was hired by Schneider in November 2006 and, until October 23, 2007, he was employed as an inside sales account executive at Schneider's Evanston, Illinois office, where he reported to Eugene Pignataro ("Pignataro").

6. As Smith's supervisor, Pignataro repeatedly showed hostility toward Smith in connection with Smith's military-related activities.

7. For example, on March 16, 2007, Smith had obtained written approval from his prior supervisor, Angela Doemel, to enroll in an executive MBA program at the University of Illinois in Chicago made available to persons with military service backgrounds. A copy of that letter is attached hereto as Exhibit A. As part of that approval, Schneider agreed to provide Smith with the time away from work required for him to attend classes. Once Pignataro became Smith's supervisor, he criticized Smith for the time Smith spent in that program and professed to be unaware of Ms. Doemel's prior written approval.

8. On October 4, 2007, Pignataro met with Smith to express concern over Smith's level of sales. At that meeting, Pignataro placed Smith on a "performance improvement plan" for the entire month of October 2007, and Pignataro agreed to review Smith's performance based on his results for the entire month.

### Schneider Terminated Smith Because He was Called to Active Duty

9. On October 23, 2007, Smith received orders from the United States Navy calling him to active duty for a period of one year beginning on November 3, 2007, with the possibility of an extension. He was informed that he will be sent to Afghanistan as part of the American military activity there.

10. Also on October 23, in Schneider's Evanston office, Smith informed Pignataro and another Schneider supervisor, Ben Schuchart, that he had been called to active duty and provided them with a copy of his written notification from the Navy. Immediately thereafter, Pignataro terminated Smith's employment and ordered him off of Schneider's premises. Smith informed Pignataro of the relevant provisions of the Act at the time he was terminated.

11. Schneider has claimed that Smith was terminated due to inadequate sales activity, not because he was called to active military duty. That claim is wholly pretextual, given that Pignataro agreed on October 4, 2007 that Smith would be given the entire month of October 2007 to perform under the "performance improvement plan," but Schneider then terminated Smith's employment before the end of the month, and immediately following Smith's notification that he had been called to active duty.

### Schneider's Conduct Violates the Uniformed Services Act

12. The Act provides that

A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform services in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. §4311(a).

13.     The Act also provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter" provided that (1) the person gives advance written or verbal notice to the employer; (2) the cumulative length of the absence and all previous absences does not exceed five years; and (3) the person submits an application of reemployment pursuant to statutory terms. 38 U.S.C. §4312(a).

14.     A person reemployed pursuant to the Act is also "entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of the service in the uniformed services plus the additional seniority and rights and benefits that such a person would have attained if the person had remained continuously employed." 38 U.S.C. §4316.

15.     The Court may enter an order requiring employers who have violated the Act to do the following: (a) comply with all provisions of the Act; (b) compensate the person for any loss of wages or benefits suffered by reason of the employer's failure to comply with the Act; and (c) pay an amount equal to the amount of lost wages and benefits as liquidated damages, if the Court determines that the failure to comply with the Act was willful. 38 U.C.S. §4323(d).

16.     Schneider's conduct in terminating Smith's employment because he had been called to active duty violated the Act. Given that Smith expressly informed Pignataro of the Act at the time he was terminated, such conduct was clearly willful under §4323(d)(C).

17.     Schneider has knowingly ratified and approved Pignataro's conduct in unlawfully terminating Smith in that Smith's counsel wrote Schneider's counsel on October 26, 2007 describing the actions taken and requesting that Schneider take corrective action without need for

the filing of a lawsuit. A copy of that letter is attached as Exhibit B hereto. Schneider has refused to take corrective action.

WHEREFORE, Smith respectfully requests that the Court enter judgment in his favor and against Schneider as follows:

A. Entering injunctive relief requiring Schneider to rescind its termination of Smith and requiring Schneider to comply with the provisions of the Act once Smith's active duty has been completed;

B. Awarding Smith the lost wages and benefits he suffered on account of Schneider's violation of the Act;

C. Awarding Smith liquidated damages in an amount equal to his lost wages and benefits;

D. Awarding Smith his reasonable attorneys fees and litigation costs; and

E. Granting such further relief as the Court deems just and proper.

Respectfully submitted,

KEVIN P. SMITH

By: /s/ *signature*
One of his attorneys

Dated:   November 2, 2007

Michael L. Shakman (ARDC No. 2558823)
Jennifer E. Smiley (ARDC No. 6275940)
Miller Shakman & Beem LLP
180 N. LaSalle St., Suite 3600
Chicago, IL 60601
312-263-3700 (tel.)
312-263-3270 (fax)

# EXHIBIT A

# EXHIBIT A



Evanston Business Center

March 16, 2007

Admissions Committee
University of Illinois at Urbana-Champaign
Illini Center, 4th Floor
200 S. Wacker Drive
Chicago IL 60606

Dear Admissions Committee:

Kevin Smith is employed with Schneider National as an Inside Sales Account Executive.

I have read the brochure that describes the Executive MBA Program at the University of Illinois and wish to verify that Schneider National wishes to fully sponsor Kevin Smith in your class to be admitted September 2007. Schneider agrees to provide the time away from work as described in your brochure.

Kevin is a valued employee and we are pleased to provide this support.

Sincerely,

*[signature]*

500 Davis Street, Suite 700
Evanston, IL 60201
Tel. 847-492-2020

# EXHIBIT B

# EXHIBIT B

# MILLER SHAKMAN & BEEM LLP

ATTORNEYS AND COUNSELORS

180 NORTH LASALLE STREET
SUITE 3600
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 263-3700
FAX (312) 263-3270

October 26, 2007

WRITER'S DIRECT LINE

312-759-7250

By Fax and UPS Delivery

Thomas Vandenberg
General Counsel
Schneider National Inc.
3101 S. Packerland Drive
P.O. Box 2545
Green Bay, WI. 54306-2599

Dear Mr. Vandenberg:

We represent Kevin P. Smith, who was until October 23 employed in Schneider's Evanston, Illinois office as an inside sales account executive.

On October 23, Mr. Smith, who is a Lieutenant in the Navy Reserve, informed his supervisor, Eugene Pignataro, and another supervisor, Ben Schuchart, that he had just received orders from the Navy calling him to active duty for a period of one year, with the possibility of an extension. Mr. Smith has been informed that he will be sent to Afghanistan as part of the American military activity there.

Immediately after Mr. Smith informed Messrs. Pignataro and Schuchart that he had been called to active duty, and provided a copy of his notification from the Navy, Mr. Pignataro fired him, and ordered him off the premises. Schneider's actions violate Mr. Smith's rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4334. Mr. Smith informed Messrs Pignataro and Schuchart of that Act at the time he was fired.

They claimed that his discharge was due to Mr. Smith's inadequate sales activity, rather than his being called to active duty. That claim is entirely pretextual. On October 4, Mr. Pignataro had expressed concern with Mr. Smith's level of sales and placed him on a "performance improvement plan" for the entire month of October; Mr. Pignataro had agreed to review Mr. Smith's performance based on results for the entire month. Obviously, by firing Mr. Smith on the spot on October 23 he deprived Mr. Smith of the previously-agreed period for review of his performance.

This was not the first time that Mr. Smith had difficulty with his supervisor's hostility to his military-related activity. Mr. Smith had previously sought and obtained written permission from his prior supervisor, Angela Doemel, to enroll in an executive MBA program at the University of Illinois in Chicago that was made available to persons, like Mr. Smith, with US

MILLER SHAKMAN & BEEM LLP

Thomas Vandenberg
October 26, 2007
Page 2

military service backgrounds. Mr. Pignataro criticized Mr. Smith for the time he spent in that program, and professed to be unaware of the prior written approval, dated March 16, 2007, for Mr. Smith's participation in that program.

On Mr. Smith's behalf, we request Schneider's prompt, formal written recision of its termination of Mr. Smith, plus its written acknowledgment that it will afford him all his rights under USERRA and other applicable law, including his right to be reemployed at his prior position upon his return from active duty military service, which means "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform. . . .", as required by 38 U.S.C. §4314(a)(2)(A). He is also entitled, in accord with §4316(a) to "the seniority and other rights and benefits determined by seniority that the person had on the date of commencement of service in the uniformed services plus the additional seniority and right and benefits that such person would have attained if the person had remained continuously employed."

Mr. Smith is entitled to his pay for the balance of the period he would have worked at Schneider prior to reporting for active duty, and to a like amount because Schneider's conduct toward Mr. Smith was clearly "willful" under §4323(d)(C).

In addition, Schneider owes Mr. Smith an apology for how he was treated. Schneider's actions, through its two supervisors, was not only willful, it was disgraceful.

Should Schneider not rescind its termination of Mr. Smith, confirm its intention to comply with its obligations under USERRA and other applicable laws, and make the payments referred to above, we intend to commence suit in the U.S. District Court in Chicago pursuant to §4323(a)(2) next week.

This letter is not intended to waive, limit or release any right or claim Mr. Smith has as a result of Schneider' conduct. All such rights are expressly reserved.

I look forward to your prompt response.

Sincerely,

Michael L. Shakman

MLS:ra

cc: Kevin P. Smith