IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KEVIN P. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>SCHNEIDER NATIONAL CARRIERS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 07 C 6199<br><br>Hon. Judge Kennelly |
|---|---|---|

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, Schneider National Carriers, Inc., by its attorneys, Seyfarth Shaw LLP, answers the complaint as follows:

### Summary

1. This action arises out of the termination of Smith's employment by Schneider when Smith notified Schneider that he had received orders from the United States Navy calling him to active duty for a period of one year. Smith seeks relief pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* (the "Act").

### ANSWER:

Defendant admits that plaintiff purports to bring this action under the referenced statute, but Defendant denies that it violated the referenced statute. Defendant denies the remaining allegation in paragraph 1.

### Parties

2. Smith is an individual residing in Chicago, Illinois and a citizen of Illinois. He is a Lieutenant in the United States Navy Reserve.

**ANSWER:**

Defendant denies that Smith currently resides in Illinois, but lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3. Schneider is a Nevada corporation with its principal place of business in Green Bay, Wisconsin. Schneider conducts business in Illinois and employed Smith at its Evanston, Illinois sales office. Events giving rise to this lawsuit occurred in Evanston, Illinois.

**ANSWER:**

Defendant admits the allegations contained in paragraph 3.

4. The Court has jurisdiction pursuant to 38 U.S.C. § 4323(b)(3) and venue is proper in this Court pursuant to 38 U.S.C. § 4323(c)(2).

**ANSWER:**

Defendant admits that this Court has jurisdiction and that venue is proper in this District, but defendant denies that it violated federal law.

5. Smith was hired by Schneider in November 2006 and, until October 23, 2007, he was employed as an inside sales account executive at Schneider's Evanston, Illinois office, where he reported to Eugene Pignataro ("Pignataro").

**ANSWER:**

Defendant admits that Smith was hired as an inside sales account executive at Schneider's Evanston, Illinois facility in November 2006, and remained employed until October 23, 2007, and that Eugene Pignataro was one supervisor to whom Smith reported during that time. Defendant denies the other allegations in paragraph 5.

6. As Smith's supervisor, Pignataro repeatedly showed hostility toward Smith in connection with Smith's military-related activities.

**ANSWER:**

Defendant denies the allegations in paragraph 6.

7. For example, on March 16, 2007, Smith had obtained written approval from his prior supervisor, Angela Doemel, to enroll in an executive MBA program at the University of Illinois in Chicago made available to persons with military service backgrounds. A copy of that

2

letter is attached hereto as Exhibit A. As part of that approval, Schneider agreed to provide Smith with the time away from work required for him to attend classes. Once Pignataro became Smith's supervisor, he criticized Smith for the time Smith spent in that program and professed to be unaware of Ms. Doemel's prior written approval.

**ANSWER:**

Defendant denies the allegations in paragraph 7. Answering further, Defendant states that Exhibit A speaks for itself.

8. On October 4, 2007, Pignataro met with Smith to express concern over Smith's level of sales. At that meeting, Pignataro placed Smith on a "performance improvement plan" for the entire month of October 2007, and Pignataro agreed to review Smith's performance based on his results for the entire month.

**ANSWER:**

Defendant admits (i) that on October 4, 2007 Pignataro presented Smith with a performance improvement plan that identified specific performance objectives Smith was required to meet in October 2007, (ii) that the performance improvement plan expressly stated that failure to meet the specific performance objectives could result in termination, and (iii) that the performance improvement plan was agreed to and signed by Pignataro and Smith. Defendant denies the other allegation in paragraph 8.

9. On October 23, 2007, Smith received orders from the United States Navy calling him to active duty for a period of one year beginning on November 3, 2007, with the possibility of an extension. He was informed that he will be sent to Afghanistan as part of the American military activity there.

**ANSWER:**

Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies the same.

10. Also on October 23, in Schneider's Evanston office, Smith informed Pignataro and another Schneider supervisor, Ben Schuehart, that he had been called to active duty and provided them with a copy of his written notification from the Navy. Immediately thereafter, Pignataro terminated Smith's employment and ordered him off of Schneider's premises. Smith informed Pignataro of the relevant provisions of the Act at the time he was terminated.

**ANSWER:**

Defendant admits that on October 23, 2007, Pignataro informed Smith (i) that Pignataro needed to speak with Smith, (ii) that Smith's employment was terminated because Smith failed to meet his performance objectives, (iii) that Smith was escorted off Defendant's premises, and (iii) that Pignataro asked Defendant's supervisor Ben Schuchart to serve as a witness to these events. Defendant denies the other allegations in paragraph 10.

11. Schneider has claimed that Smith was terminated due to inadequate sales activity, not because he was called to active military duty. That claim is wholly pretextual, given that Pignataro agreed on October 4, 2007 that Smith would be given the entire month of October 2007 to perform under the "performance improvement plan," but Schneider then terminated Smith's employment before the end of the month, and immediately following Smith's notification that he had been called to active duty.

**ANSWER:**

Defendant admits that Smith was terminated for failure to meet his specific performance objectives. Defendant denies the other allegations in paragraph 11.

12. The Act provides that:

A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform services in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).

**ANSWER:**

Defendant admits that paragraph 12 quotes language in 38 U.S.C. § 4311(a), but denies that it violated any provision of the statute.

13. The Act also provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter" provided that (1) the person gives advance written or verbal notice to the employer; (2) the cumulative length of the absence and all previous absences does not exceed five years; and (3) the person submits an application of reemployment pursuant to statutory terms. 38 U.S.C. § 4312(a).

**ANSWER:**

Defendant admits that paragraph 13 quotes language in 38 U.S.C. § 4312(a), but denies that it violated any provision of the statute.

14.     A person reemployed pursuant to the Act is also "entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of the service in the uniformed services plus the additional seniority and rights and benefits that such a person would have attained if the person had remained continuously employed." 38 U.S.C § 4316.

**ANSWER:**

Defendant admits that paragraph 14 quotes language in 38 U.S.C § 4316, but denies that it violated any provision of the statute.

15.     The Court may enter an order requiring employers who have violated the Act to do the following: (a) comply with all provisions of the Act; (b) compensate the person for any loss of wages or benefits suffered by reason of the employer's failure to comply with the Act; and (c) pay an amount equal to the amount of lost wages and benefits as liquidated damages, if the Court determines that the failure to comply with the Act was willful. 38 U.S.C. § 4323(d).

**ANSWER:**

Defendant admits that paragraph 15 paraphrases language in 38 U.S.C. § 4323(d), but denies that it violated any provision of the statute.

16.     Schneider's conduct in terminating Smith's employment because he had been called to active duty violated the Act. Given that Smith expressly informed Pignataro of the Act at the time he was terminated, such conduct was clearly willful under § 4323(d)(C).

**ANSWER:**

Defendant denies the allegations in paragraph 16.

17.     Schneider has knowingly ratified and approved Pignataro's conduct in unlawfully terminated Smith in that Smith's counsel wrote Schneider's counsel on October 26, 2007 describing the actions taken and requesting that Schneider take corrective action without need for the filing of a lawsuit. A copy of that letter is attached as Exhibit B hereto. Schneider has refused to take corrective action.

**ANSWER:**

Defendant admits that Smith's counsel wrote Schneider's counsel on or about October 26, 2007 and that Exhibit B speaks for itself. Defendant denies the other allegations in paragraph 17.

## AFFIRMATIVE DEFENSES

1. Plaintiff is barred from relief to the extent he has failed to mitigate his alleged damages by seeking employment or otherwise.

2. Plaintiff is barred from recovery to the extent his Complaint fails to state a claim upon which relief may be granted.

Respectfully Submitted,

SCHNEIDER NATIONAL CARRIERS, INC.

By: /s Kyle R. Hartman
        One of its Attorneys

Mark Casciari
Kyle R. Hartman
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
(312) 460-5000

December 21, 2007

CH1 11347684.2

## CERTIFICATE OF SERVICE

I, Kyle R. Hartman, an attorney, hereby certify that on December 21, 2007, I electronically filed the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

>Michael L. Shakman
>Jennifer E. Smiley
>Miller Shakman & Beem, LLP
>180 N. LaSalle Street, Suite 3600
>Chicago, IL 60601


>/s Kyle R. Hartman