IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN P. SMITH,<br><br>            Plaintiff,<br><br>vs.<br><br>SCHNEIDER NATIONAL CARRIERS, INC.,<br><br>            Defendant. | Case No. 07 C 6199<br><br>Judge Kennelly |

**MOTION FOR LEAVE TO COMPEL**
**PLAINTIFF'S DEPOSITION BEFORE TRAVELING TO AFGHANISTAN**

Defendant Schneider National Carriers, Inc., pursuant to Federal Rule of Civil Procedure 37(a), requests that the Court enter an Order requiring Plaintiff Kevin Smith to appear for his deposition before he travels to Afghanistan. In support of this motion, defendant states as follows:

1.      Plaintiff is a member of the U.S. Naval Reserve who has been called to active duty and is currently scheduled to deploy to Afghanistan at the end of February 2008 for a period of at least 12 to 18 months. Plaintiff is currently stationed at Ft. Riley, Kansas, where he is scheduled to remain until his deployment.

2.      Plaintiff's testimony is essential to determining the legal basis, if any, for the claim alleged in his complaint. Because of the "he said/she said" nature of plaintiff's allegation, oral testimony under oath from both plaintiff and defendant is essential to preserving recollections of events before they fade and to assessing whether this action can be resolved prior to trial on a motion for summary judgment, while plaintiff is in Afghanistan.

3.      Defendant thus has offered to depose plaintiff in Kansas.

4. Plaintiff has refused to appear for his deposition at any time before he returns from Afghanistan.

5. Plaintiff alleges that defendant terminated his employment because of his military activation to Afghanistan. Defendant contends that plaintiff was terminated for failing to meet the sales requirements of his position, and that plaintiff informed defendant of his military activation after defendant decided to terminate his employment.

6. Plaintiff filed his complaint against defendant in this Court on November 2, 2007 (docket entry 2).

7. The parties initially meet and conferred by telephone on December 13, 2007 to discuss discovery in this matter, including the taking of plaintiff's deposition, and potential settlement of this action. During this conversation, counsel for defendant stated that plaintiff's deposition was appropriate pursuant to Fed. R. Civ. P. 30(a)(2)(C) because plaintiff was scheduled to leave the United States at the end of February 2008 at the order of the U.S. Navy for a period of at least 12 to 18 months. Plaintiff's counsel stated that plaintiff's deposition was premature until after the parties conducted a complete Rule 26(f) conference.

8. On December 14, 2007, defendant served a notice of deposition pursuant to Rule 30 upon plaintiff, along with Rule 30(a)(2)(C) certification.[1] Defendant noticed plaintiff's deposition for December 27, 2007 because plaintiff's orders from the U.S. Navy indicated that he would be stationed at the Great Lakes Naval Station and in Northern Illinois between December 22, 2007 and January 2, 2008.

---

[1] On December 18, 2007, defendant amended its notice of deposition to clarify the noticed date of plaintiff's deposition -- December 27, 2007, which was inadvertently omitted from the original notice.

2

9. The parties again meet and conferred by telephone on December 18, 2007. Plaintiff counsel indicated that plaintiff would not be available for his deposition on December 27, 2007. Plaintiff's counsel stated that plaintiff would not sit for his deposition at any location or time until defendant answered the complaint and provided responses to plaintiff's forthcoming document requests. Counsel for defendant also offered to take plaintiff's deposition in Kansas.

10. On December 20, 2007, plaintiff filed an emergency motion for a protective order prevent his deposition from occurring on December 27, 2007 (docket entry 7).

11. Defendant filed its answer to the complaint on December 21, 2007(docket entry 11).

12. On December 26, 2007, in his role as the emergency motion judge, Judge Gettleman, granted plaintiff's emergency motion for protective order (docket entry 12).

13. On December 28, 2007, the parties met and conferred by telephone regarding discovery to complete their Rule 26(f) obligations.

14. At the initial status hearing before this Court on January 15, 2008, the dispute over the timing of plaintiff's deposition was discussed. Defendant brings this motion at the suggestion of, and in accordance with the timeline recommended by, the Court (docket entry 13).

15. Since December 18, 2007, defendant has offered and continues to offer to take plaintiff's deposition in Ft. Riley, Kansas.

16. Plaintiff's counsel has simply alleged that plaintiff is unable to provide any time for his deposition in Ft. Riley.

**WHEREFORE,** defendant asks that the Court enter an Order compelling plaintiff to appear for his deposition at Ft. Riley, Kansas, before he deploys to Afghanistan in February 2008, at the specific time and place suggested by plaintiff and agreed to by defendant.

        Respectfully submitted,

        SCHNEIDER NATIONAL CARRIERS, INC.

        By:    /s/ Mark Casciari
                One of Its Attorneys

Mark Casciari
Kyle R. Hartman
Seyfarth Shaw LLP
131 South Dearborn St.
Suite 2400
Chicago, IL 60603
(312) 460-5000

January 17, 2008

CH1 11395017.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION FOR LEAVE TO COMPEL PLAINTIFF'S DEPOSITION BEFORE TRAVELING TO AFGHANISTAN** has been filed using the CM/ECF system, causing a true and correct copy to be served on the foregoing counsel of record:

>Michael L. Shakman
>Miller Shakman & Beem, LLP
>180 N. LaSalle Street, Suite 3600
>Chicago, IL 60601
>
>Jennifer E. Smiley
>Miller Shakman & Beem, LLP
>180 N. LaSalle Street, Suite 3600
>Chicago, IL 60601

On this 17th day of January, 2008.

>/s/ Mark Casciari
>Counsel for Defendant