IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN P. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 07 C 6199 |
| SCHNEIDER NATIONAL CARRIERS, INC, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO COMPEL PLAINTIFF'S DEPOSITION
BEFORE TRAVELING TO AFGHANISTAN**

Defendant's Motion For Leave to Compel Plaintiff's Deposition Before Traveling to Afghanistan (the "Motion") is another volley in the ongoing effort of defendant Schneider National Carriers, Inc. ("Schneider") to force plaintiff Kevin P. Smith ("Lieutenant Smith") to interrupt his intensive military training to sit for a deposition in the short time remaining before he is deployed to Afghanistan.[1/] As demonstrated by the affidavit of Lieutenant Smith attached as Exhibit A, the demands placed upon Lieutenant Smith by his intensive training program render it impossible for him to prepare for and sit for a deposition at this time.

Lieutenant Smith is currently on active duty with the United States Navy, stationed in Fort Riley, Kansas. Smith Aff. ¶ 4, Ex. A hereto. He is scheduled to remain at Fort Riley until he is deployed to Afghanistan during the second half of February 2008. Id. He has been told to expect to remain in Afghanistan until late 2008. Id. ¶ 5.

---

[1/] On December 14, 2007, Schneider served a notice of deposition upon Lieutenant Smith, scheduling his deposition for December 27, 2007. Lieutenant Smith objected, and on December 20, 2007 filed an Emergency Motion for Protective Order, which was granted on December 26, 2007 by Judge Gettleman, the Emergency Judge. Judge Gettleman's Order did not prohibit Schneider from seeking to depose Lieutenant Smith in Kansas before his deployment to Afghanistan.

While stationed at Fort Riley, Lieutenant Smith is undergoing an extensive training program to prepare him for his deployment. Id. ¶ 6. That program includes intensive training in Afghan language and culture, as well as training in field, driving, combat medicine and weapons. Id. This training takes place during the day and night, and his time commitment ranges from nine to fifteen hours per day, six days a week. Id.

Lieutenant Smith does not receive much advance notice of his schedule and he does not have sufficient control over his schedule to enable him to block out the time that would be required for him to prepare for and sit for a deposition. Id. ¶ 7.

Given his active duty and intensive training program, it is a practical impossibility for Lieutenant Smith to schedule a deposition during the time before he is deployed to Afghanistan. For that reason, the Motion should be denied.

On January 16, 2007, before the Motion was filed, counsel for Lieutenant Smith sent Schneider's counsel a letter, which contained all of the details about Lieutenant Smith's schedule set forth above. See Exhibit B. Given the practical impossibility of scheduling a deposition, counsel for Lieutenant Smith requested that Schneider refrain from bringing the Motion.[2]

Furthermore, even if Lieutenant Smith had sufficient control over his schedule to enable him to schedule time to prepare for and sit for his deposition, it would be unduly burdensome to require the parties to incur the expenses that would be needed in order to do so,[3] particularly given that

---

[2]  In bringing the Motion, despite knowing that Lieutenant Smith's schedule renders it impossible for him to prepare for and sit for a deposition before his deployment, Schneider has unreasonably and vexatiously multiplied these proceedings. Accordingly, Lieutenant Smith is entitled to his attorneys' fees in responding to the Motion pursuant to 28 U.S.C. §1927.

[3]  The closest airport to Fort Riley is in Manhattan, Kansas. A search of airfares conducted on January 22, 2008 on www.travelocity.com shows round-trip airfare between Chicago and Manhattan, Kansas of $536 per person when purchased seven days in advance and $698 per person when purchased three days in advance. Because of the travel times involved, attorneys would also need to spend at least one, and perhaps two, nights in a hotel.

those expenses will be avoided if the parties wait to take Lieutenant Smith's deposition until he returns to the Chicago area at the end of his active duty.

WHEREFORE, Lieutenant Smith respectfully requests that the Court enter an Order (i) denying the Motion, (ii) awarding him the attorneys' fees incurred in responding to the Motion and (iii) granting such further relief as the Court deems just and proper.

    Respectfully submitted,

    KEVIN P. SMITH

    By:   s/Jennifer E. Smiley
         One of his attorneys

Dated:    January 22, 2008

Michael L. Shakman (ARDC No. 2558823)
Jennifer E. Smiley (ARDC No. 6275940)
**MILLER SHAKMAN & BEEM LLP**
180 N. LaSalle St., Suite 3600
Chicago, IL 60601
312-263-3700 (tel.)
312-263-3270 (fax)

# EXHIBIT A

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN P. SMITH,       ) | |
|                       ) | |
|       Plaintiff,      ) | |
|                       ) | No. 07 C 6199 |
| v.                    ) | |
|                       ) | Hon. Matthew F. Kennelly |
| SCHNEIDER NATIONAL CARRIERS, INC, ) | |
|                       ) | |
|       Defendant.      ) | |

AFFIDAVIT OF KEVIN P. SMITH

Kevin P. Smith, being duly sworn, states as follows:

1. I am an adult over the age of 18. I submit this affidavit in support of Plaintiff's Response in Opposition to Defendant's Motion for Leave to Compel Plaintiff's Deposition Before Traveling to Afghanistan.

2. All of the statements set forth in this affidavit are based on my personal knowledge.

3. In November 2007, I reported for active duty pursuant to orders initiated by the United States Navy. I had previously served a three-year period of active duty ending in 2003, and had become a member of the Navy Reserve thereafter.

4. I am currently on active duty as a Lieutenant, stationed in Fort Riley, Kansas. I am scheduled to remain on active duty in Fort Riley until the second half of February 2008, at which time I will be deployed to Afghanistan. I am training for an assignment to provide instruction to the Afghan national army in order to permit it to function effectively as a national security force.

5. I have been told to expect to return from that deployment in late 2008.

6. I am undergoing an extensive training program at Fort Riley, including intensive Afghan language and culture training, training in field, driving, combat medicine and weapons. This training can and does take place during the day and night, and it ranges from nine to fifteen hours per day, six days a week.

7. I am not given much advance notice of what my schedule will be, and do not have sufficient control of my schedule to enable me to block out the time I would need to prepare for and sit for a deposition.

Under penalty of perjury as provided by law pursuant to 28 U.S.C. § 1746, the undersigned certifies that the statements set forth in the foregoing Affidavit of Kevin P. Smith are based on his personal knowledge and that, to the best of his knowledge, are true and correct.

Dated: 1-22-08                                     _Kevin P. Smith_
                                                            Kevin P. Smith

# EXHIBIT B

# EXHIBIT B

# MILLER SHAKMAN & BEEM LLP

ATTORNEYS AND COUNSELORS

180 NORTH LA SALLE STREET
SUITE 3600
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 263-3700
FAX (312) 263-3270

January 16, 2008

WRITER'S DIRECT LINE

(312) 759-7239

**By Facsimile**
Mark Casciari
Seyfarth Shaw LLP
131 S. Dearborn St., Suite 2400
Chicago, IL 60603-5577

Re:   *Smith v. Schneider National Carriers, Inc.*, No. 07 C 6199

Dear Mark:

Following the status hearing yesterday, we received additional information from our client about his pre-deployment schedule.

In additional to Lieutenant Smith's intensive language and culture training, he is receiving training in fieldwork, driving, combat medicine and weapons. This training takes place during daytime and nighttime hours, averaging nine to fifteen hours per day, six days a week. Lieutenant Smith does not control his schedule, nor does he receive much advance notice of what it will be. Accordingly, he is unable to block out the one-to-two day time period that he would need in order to prepare and sit for his deposition.

In our view, the question of whether Lieutenant Smith's deposition should be compelled is not even a close call. If your client persists in filing a motion to compel the deposition and we prevail in opposing that motion, we intend to ask for our attorneys' fees pursuant to 28 U.S.C. §1927.

Sincerely,

Jennifer E. Smiley

JES:co